IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERA HARRIS-STEWART, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CGR SERVICES, INC., STEVEN J. FINK & ASSOCIATES, P.C., and STEVEN J. FINK, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

1. Plaintiff Vera Harris-Stewart brings this action to secure redress from unlawful collection practices engaged in by defendants CGR Services, Inc., Steven J. Fink & Associates, P.C., and Steven J. Fink.

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and state law.

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

　　a. Defendants' collection communications and activities impacted plaintiff within this District;

　　b. Each defendant does business or is located within this District.

## PARTIES

10. Plaintiff is an individual who resides in the Northern District of Illinois.

11. Defendant CGR Services, Inc., is a corporation organized under Illinois law. Its sole officer is Cynthia G. Rogers, 937 N. Vail Ave., Arlington Heights, IL 60004.

12. The sole business of defendant CGR Services, Inc., is purchasing or claiming to purchase charged-off consumer debts, and enforcing the debts against the consumers.

13. Many of the debts are retail installment contracts for the sale of goods, mostly furniture, at very high annual percentage rates.

14. During 2017, CGR Services, Inc., has filed more than 100 lawsuits against Illinois consumers. On information and belief, more than half were on retail installment contracts for the sale of goods.

15. On information and belief, defendant CGR Services, Inc., pays an average of less than ten cents on the dollar for the debts it purchases.

16. The mails and telephone system are regularly used in connection with the lawsuits filed by defendant CGR Services, Inc.

17. Defendant Steven J. Fink & Associates, P.C., is a law firm organized as an Illinois professional corporation with its offices located at 25 E. Washington St., Suite 1233, Chicago, IL 60602.

18. The sole business of defendant Steven J. Fink & Associates, P.C. is collecting charged-off consumer debts for others, including CGR Services, Inc., and other debt buying entities he represents, including HBLC and JRSI.

19. Steven J. Fink & Associates, P.C., regularly represents CGR Services, Inc., in the more than 100 lawsuits it has filed against Illinois consumers.

20. The mails and telephone system are regularly used in connection with the lawsuit filed by defendant Steven J. Fink & Associates, P.C.

21. Defendant Steven J. Fink is the sole officer and owner of Steven J. Fink & Associates, P.C., and is solely responsible for its policies and practices.

22. Defendant Steven J. Fink personally signed the complaint filed against Vera Harris-Stewart that is the subject of this lawsuit. On information and belief, he signed numerous other such complaints.

23. Each defendant is a debt collector as defined in the FDCPA.

**FACTS**

24. On or about April 6, 2017, CGR Services, Inc., represented by Steven J. Fink & Associates, P.C., filed suit against plaintiff Vera Harris-Stewart in the Circuit Court of Cook County to collect a purported retail installment contract for the sale of furniture, case 17 M4 1601. A copy of the complaint and exhibits is in Appendix A.

25. The alleged debt was a retail installment contract for the purchase of furniture with an annual percentage rate of over 185%. (Appendix B)

26. According to the contract, the first payment was due on November 5, 2012.

27. There was a dispute between Ms. Harris-Stewart and the seller and finance company. As a result of the dispute, no payments were ever made.

28. Any default existed no later than December 5, 2012, more than four years prior to the filing of suit.

29. Plaintiff was not served with the lawsuit, but learned about it, obtained a copy of the complaint from the court file, and retained counsel.

30. Ms. Harris-Stewart suffered loss of time and money as a result of the filing of the lawsuit.

31. At the bottom of the first page of the complaint is a statement: "Federal law requires me to advise you that we are attempting to collect a debt and any information obtained from you will be used for that purpose. Unless you dispute the validity of this debt, or any portion of it, within 30 days after receipt of this notice, in writing, the debt will be assumed to be valid. If you do dispute the debt's validity, we will provide verification or a copy of any judgment taken against you and the name and address of the original creditor if different from the current creditor." Hereinafter, the statement will be referred to as the "notice of debt."

**COUNT I – FDCPA**

32. Plaintiff incorporates paragraphs 1-31.

33. The statute of limitations applicable to the collection of a retail installment contract for the sale of goods is four years under section 2-725 of the Uniform Commercial Code, which provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

34. Illinois courts have held that it applies to an action to recover the money owed under a contract for the sale of goods. *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993).

35. "[T]he assignee . . . takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

36. Defendants CGR Services, Inc., Steven J. Fink & Associates, P.C., and Steven J. Fink regularly demand payment of, file suit on, and threaten to file suit on retail installment contract debts that are more than four years old at the time of the demand, filing or threat to file suit.

37. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading

5

impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

38. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning and suing consumers on time-barred debts without disclosure of that fact.

39. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of--**

**(A) the character, amount, or legal status of any debt; . . .**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

40. Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## **CLASS ALLEGATIONS**

41. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

42. The CGR Services, Inc. class consists of (a) all individuals (b) with respect to whom defendant CGR Services, Inc., filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect a retail installment contract for the sale of goods (d) entered into in Illinois (e) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

43. The Fink class consists of consists of (a) all individuals (b) with respect to whom Steven J. Fink & Associates, P.C. or Fink filed a lawsuit or sent or caused to be sent a letter (c) to collect a retail installment contract for the sale of goods (d) entered into in Illinois (e) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

44. On information and belief, based on review of court records, there are more than 50 members of each class, and each class is so numerous that joinder of all members is not practicable. The Fink class is broader, in that it includes suits filed on behalf of HBLC and JRSI.

45. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of attempting to collect time-barred debts and whether such practice violates the FDCPA.

46. Plaintiff's claim is typical of the claims of the class members. All are based on the

same factual and legal theories.

47. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

48. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

   i. Statutory damages;

   ii. Actual damages, including all amounts collected on time-barred debts and all appearance and attorney's fees incurred by persons sued on time-barred debts;

   iii. Attorney's fees, litigation expenses and costs of suit;

   iv. Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

49. Plaintiff incorporates paragraphs 1-48.

50. This claim is against CGR Services, Inc.

51. Defendant CGR Services, Inc., engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by dunning and threatening and filing suits on time-barred debts.

52. Defendant CGR Services, Inc., engaged in such conduct in the course of trade and

commerce.

53. Defendant CGR Services, Inc., engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

## CLASS ALLEGATIONS

54. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

55. The class consists of (a) all individuals (b) with respect to whom defendant CGR Services, Inc., filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect a retail installment contract for the sale of goods (d) entered into in Illinois (e) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was filed during a period beginning 3 years prior to the filing of this action and ending 20 days after the filing of this action.

56. On information and belief, the class is so numerous that joinder of all members is not practicable.

57. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant attempts to collect time-barred debts.

58. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

59. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

60. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant:

    i. Declaring that the purported debts are time-barred;

    ii. Enjoining defendant from instituting or threatening suit to collect such debts;

    iii. Enjoining defendant from attempting to collect such debts without disclosure of the fact that they are time-barred.

    iv. Requiring defendants to notify the class of the judgment;

    v. For attorney's fees, litigation expenses and costs of suit;

    vi. For such other and further relief as the Court deems proper.

## COUNT III – FDCPA

61. Plaintiff incorporates paragraphs 1-61.

62. The inclusion of the "notice of debt" at the bottom of the first page of the complaint is misleading and violates 15 U.S.C. § 1692e and 1692e(10). *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808 (7th Cir. 2016).

63. There was no reason to include the statement in a complaint, in that a complaint is not considered an "initial communication."

64. The notice is false and misleading, in that:

a. If served with the summons, it contains deadlines for disputing the debt inconsistent with those in the summons.

b. If obtained by the consumer other than by service with the summons, it

     creates totally nonexistent deadlines.

  c. It states that any dispute must be made in writing, when that is not true. Most of the cases involved are small claims, where the consumer need only file an appearance and all allegations are considered to be denied without a written answer.

  d. It states that the "debt will be assumed to be valid," without stating by whom. Such language in a complaint indicates that the court will consider the debt to be valid.

  e. It refers to "any judgment taken against you," which is misleading in a complaint because no judgment will have been taken.

## CLASS ALLEGATIONS

65. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

66. The CGR Services, Inc. class consists of (a) all individuals (b) with respect to whom defendant CGR Services, Inc., filed a lawsuit (c) including the "notice of debt" in the complaint (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

67. The Fink class consists of consists of (a) all individuals (b) with respect to whom Steven J. Fink & Associates, P.C. or Fink filed a lawsuit (c) including the "notice of debt" in the complaint (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

68. On information and belief, based on review of court records, there are more than 50 members of each class, and each class is so numerous that joinder of all members is not

practicable. The Fink class is broader, in that it includes suits filed on behalf of HBLC and JRSI.

69. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of including misleading statements in complaints, and whether such practice violates the FDCPA.

70. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

71. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

72. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

                                          s/Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Cassandra P. Miller  
Corey J. Varma  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
20 South Clark Street, Suite 1500  
Chicago, IL 60603-1824  
(312) 739-4200  
(312) 419-0379 (FAX)  
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)