IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERA HARRIS-STEWART, on behalf of herself and a class, Plaintiff, vs. CGR SERVICES, INC., STEVEN J. FINK & ASSOCIATES, P.C., and STEVEN J. FINK, Defendants. | Case No. 1:17-cv-04032 Honorable Andrea R. Wood Magistrate Judge Jeffrey T. Gilbert |

**JOINT MOTION FOR PRELIMINARY APPROVAL**

Plaintiff, Vera Harris-Stewart ("Plaintiff"), individually, and as representative of the class of persons defined below in Paragraph 3(a) ("Class"), and Defendants CGR Services, Inc. ("CGR Services"), Steven J. Fink & Associates, P.C. ("Fink & Associates") and Steven J. Fink ("Fink") (collectively "Defendants"), request that this Court enter an order which (i) appoints Plaintiff Vera Harris-Stewart as Class Representative and Edelman, Combs, Latturner & Goodwin as Class Counsel; (ii) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Exhibit 1; (iii) sets dates for Class members to opt out or object, (iv) schedules a hearing for final approval of the Agreement; (v) approves the mailing of notice to the Class in the form of Appendix A to Exhibit 1, and (vi) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Appendix B to Exhibit 1.

1. Plaintiff filed a Complaint alleging that: (1) Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning and suing consumers on time-barred debts; (2) Defendant CGR Services,

1

Inc., engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by dunning and threatening and filing suits on time-barred debts; and (3) Defendant Fink & Associates and Fink inclusion of a "notice of debt" on the first page of their complaints is misleading and false, in violation of 15 U.S.C. § 1692e and 1692e(10).

2. After arms-length discussion, the parties reached a settlement to resolve Plaintiff's and the Class claims, as set forth in the Agreement (Exhibit 1).

3. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. Based upon counsels' review and analysis, the parties have entered into the Agreement to the Litigation.

4. The parties stipulate and agree to certify, for settlement purposes only the following Classes:

(a) All individuals with respect to whom Defendant CGR Services, filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) to collect a retail installment contract for the sale of goods entered into in Illinois more than four years after the later of default, repossession or chargeoff, which letter was sent or lawsuit was filed during a period beginning one year prior to the filing of this action [May 26, 2016] and ending 20 days after the filing of this action [June 15, 2017].

(b) All individuals with respect to whom Steven J. Fink & Associates, P.C. or Fink, filed a lawsuit or sent or caused to be sent a letter to collect a retail installment contract for the sale of goods entered into in Illinois more than four years after the later of default, repossession or chargeoff, which letter was sent or lawsuit was filed during a period beginning one year prior to the filing of this action [May 26, 2016] and ending 20 days after the filing of this action [June 15, 2017].

(c) All individuals with respect to whom Defendant CGR Services

        filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) to collect a retail installment contract for the sale of goods entered into in Illinois more than four years after the later of default, repossession or chargeoff, which letter was sent or lawsuit was filed during a period beginning 3 years prior to the filing of this action [May 26, 2014] and ending 20 days after the filing of this action [June 15, 2017].

    (d)    All individuals with respect to whom Defendant CGR Services, filed a lawsuit (directly or by an agent or attorney) including the "notice of debt" in the complaint during a period beginning one year prior to the filing of this action [May 26, 2016] and ending 20 days after the filing of this action [June 15, 2017].

    (e)    All individuals with respect to whom Steven J. Fink & Associates, P.C. or Fink, filed a lawsuit (directly or by an agent or attorney) including the "notice of debt" in the complaint during a period beginning one year prior to the filing of this action [May 26, 2016] and ending 20 days after the filing of this action [June 15, 2017].

5.    The parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

    (a)    <u>Relief to Plaintiff</u>.  Defendants agree to pay $2,500.00 to Plaintiff as damages, for her actual and statutory damages and in recognition of her service as Class Representative. Defendants agree to release all claims related to, and agree not to refer, assign, resell or transfer the right to collect on the subject retail installment contract number **0857.

    (b)    <u>Class Recovery</u>.  Defendants agree to pay $8,500 to the Class fund, which shall be distributed pro rata to all Class Members who do not opt out or exclude themselves from the Agreement ("Participating Class members").  Participating Class Members will receive a *pro rata* share of the Class Fund by check.  Checks issued to Participating Class Members will be void after 90 days "Void Date." Defendants represent that there are approximately 18 persons in each of the five (5) classes and that all 18 class members are members of all of the classes.

3

(c) <u>Cy Pres.</u> If any of the settlement checks to the Settlement Class are not cashed within 30 days of the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) shall be donated to the Chicago Law and Education Foundation as a *cy pres* award.

(d) <u>Attorneys' Fees and Costs</u>. Counsel for Plaintiff and the Settlement Class shall Petition the Court at the Final Approval Hearing for $10,600, which represents its reasonable attorneys' fees and costs incurred to date with respect to the Litigation and this Settlement. Defendants will not oppose or cause to be opposed an application for total attorney fees and costs in the amount of $10,600.

(e) <u>Class Notice</u>. Within 30 days of entry of the Preliminary Approval Order, Class Counsel shall cause actual notice, in the form of Appendix A to the Agreement, to be mailed to the last known addresses of the members of the Class, according to Defendant's records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Class Counsel shall cause any such returned notice to be forwarded to the address provided within five business days of receipt. For any Class Member whose notice is returned undeliverable and without a forwarding address, Defendants shall attempt to obtain a new address for the Class Member through skip tracing, and will provide any new address to Class Counsel.

(f) <u>Class Members' Right to Opt Out</u>. Any Class Member may seek to be excluded from the Agreement by opting out within sixty (60) days after mailing of the Class Notice. Any Class Member who opts out of the Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to

4

any of the monetary benefits set forth in the Agreement. Class Members shall have sixty (60) days after mailing of the Class Notice to complete an objection to the proposed settlement. Objections must also be filed with the Court by the Class Member making the objection and served on all counsel of record.

6. If no class member opt out or exclude themselves from the settlement each Claimant will receive about $472.22.

7. The FDCPA caps a class's recovery at 1% of the debt collector's net worth. Based upon the financial information Defendants provided to Class Counsel and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in the best interest of the class members, and should be approved by the Court.

8. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

9. The settlement in this case complies with recent case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). First, the award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to class would not come from a class fund but rather by payment directly from Defendants, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorneys' fees

5

affected the total payment to the class. Second, in contrast to *Pearson*, *Redman* and *Eubank* where the potential award to the class was not capped by statute and the attorneys presumably would have achieved a larger class fund by potentially reducing attorneys' fees, here, even if the class were to proceed to trial it would not receive more than 1% of the debt collector's net worth. The parties further submit that the class notice gives fair notice to the classes, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed. R. Civ. P. 23, and of due process.

10. Plaintiff and Defendants request that the Court set the following schedule for the proposed Agreement:

(a) Class Notice (Appendix A to <u>Exhibit 1</u>) is to be mailed within 30 days of entry of the Preliminary Approval Order;

(b) Class members shall have until 60 days after the initial mailing of the notice to exclude themselves or object to the proposed settlement. Any class members desiring to exclude themselves from the action must serve copies of the request on Class Counsel by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, and serve copies of the objection on counsel for both Plaintiff and Defendants by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the Class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. The request for exclusion or objection must be postmarked by a date 60 days after the initial mailing of the class notice.

  (c) A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date at least ninety (90) days from the entry of the preliminary approval order.

  (d) Defendants shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

  11. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

  WHEREFORE, the parties respectfully request that the Court enter an order in the form of Appendix B to the Agreement, which (i) conditionally appoints Plaintiff Vera Harris-Stewart as Class Representative and Edelman, Combs, Latturner & Goodwin as Class Counsel; (ii) preliminarily approves the Class Settlement Agreement ("Agreement") attached as <u>Exhibit 1</u>; (iii) sets dates for Class members to opt out or object, (iv) schedules a hearing for final approval of the Agreement under Fed. R. Civ. P. 23(c)(2); (v) approves the mailing of notice to the Class in the form of Appendix A to <u>Exhibit 1</u>, and (vi) finds that the mailing of such notice satisfies due process.

| **Attorneys for Vera Harris-Stewart, and the Classes:** | **Attorneys for CGR Services, Inc.:** |
|---|---|
| /s/Cassandra P. Miller | /s/Paul Gamboa |
| Daniel A. Edelman | Paul Gamboa |
| Cassandra P. Miller | Christina R. Spezia |
| Corey J. Varma | Gordon & Rees LLP |
| Edelman, Combs, Latturner & Goodwin, LLC | One North Franklin, Suite 800 |
| 20 S. Clark St., Suite 1500 | Chicago, Illinois 60606 |
| Chicago, Illinois 60603 | |

**Attorney for Steven J. Fink & Associates,
PC and Steven J. Fink:**

/s/ Steven J. Fink
Steven J. Fink
Steven J. Fink & Associates, P.C.
25 E. Washington St.
Suite 1233
Chicago, IL 60602

**CERTIFICATE OF SERVICE**

      I, Cassandra P. Miller hereby certify that on Thursday, February 1, 2018, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Additionally, this filing was sent to the following parties by U.S. Mail:

Steven J. Fink
Steven J. Fink & Associates, P.C.
25 E. Washington St.
Suite 1233
Chicago, IL 60602

                                                                                                   /s/Cassandra P. Miller
                                                                                                   Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com