**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VERA HARRIS-STEWART, on behalf of herself and a class,<br><br>Plaintiff,<br><br>vs.<br><br>CGR SERVICES, INC., STEVEN J. FINK & ASSOCIATES, P.C., and STEVEN J. FINK,<br><br>Defendants. | Case No. 1:17-cv-04032<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Jeffrey T. Gilbert |

## FINAL APPROVAL ORDER AND DISMISSAL WITH PREJUDICE

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Vera Harris-Stewart ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendants CGR Services, Inc. ("CGR Services"), Steven J. Fink & Associates, P.C. ("Fink & Associates") and Steven J. Fink ("Fink") ("collectively Defendants"), the Court orders and finds as follows:

1. On February 8, 2018, the Court preliminarily approved the Agreement on behalf of Plaintiff and five Classes consisting of:

   a. All individuals with respect to whom Defendant CGR Services, filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) to collect a retail installment contract for the sale of goods entered into in Illinois more than four years after the later of default, repossession or chargeoff, which letter was sent or lawsuit was filed during a period beginning one year prior to the filing of this action [May 26, 2016] and ending 20 days after the filing of this action [June 15, 2017].

   b. All individuals with respect to whom Steven J. Fink & Associates, P.C. or Fink, filed a lawsuit or sent or caused to be sent a letter to collect a retail installment contract for the sale of goods entered into in Illinois more than four years after the later of default, repossession or chargeoff, which letter was sent or lawsuit was filed during a period beginning one year prior to the filing of this action [May 26, 2016] and ending 20 days after the filing of this action [June 15, 2017].

1

c. All individuals with respect to whom Defendant CGR Services filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) to collect a retail installment contract for the sale of goods entered into in Illinois more than four years after the later of default, repossession or chargeoff, which letter was sent or lawsuit was filed during a period beginning 3 years prior to the filing of this action [May 26, 2014] and ending 20 days after the filing of this action [June 15, 2017].

d. All individuals with respect to whom Defendant CGR Services, filed a lawsuit (directly or by an agent or attorney) including the "notice of debt" in the complaint during a period beginning one year prior to the filing of this action [May 26, 2016] and ending 20 days after the filing of this action [June 15, 2017].

e. All individuals with respect to whom Steven J. Fink & Associates, P.C. or Fink, filed a lawsuit (directly or by an agent or attorney) including the "notice of debt" in the complaint during a period beginning one year prior to the filing of this action [May 26, 2016] and ending 20 days after the filing of this action [June 15, 2017].

2. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to approximately 18 class members by Class Counsel. None of the class notice envelopes were returned by the United States Postal Service as undeliverable or with a forwarding address. No class members requested exclusion, and no objections were filed or received.

3. On June 28, 2018, the Court held a fairness hearing to which class members, including any with objections, were invited. No class members objected or requested exclusion from the settlement.

4. The Court finds that the proposed Class Settlement Agreement satisfies all the requirements of Rule 23. Specifically, the court finds that:

(a) Rule 23(a)(1) requirements are satisfied in that the Settlement Class is so numerous that joinder of all members is impracticable;

(b) Rule 23(a)(2) requirements are satisfied in that the claims of the Settlement Class arise from common questions of law and fact;

(c) Rule 23(a)(3) requirements are satisfied in that the named Plaintiff's claims are typical of the claims of the settlement class;

(d) Rule 23(a)(4) requirements are satisfied in that the named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and

(e) Rule 23(b)(3) requirements are satisfied in that (1) Common questions predominate over individual issues; and (2) A class action is superior to other methods of resolving this matter.

5. The Court finds that provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

6. The Court considers the following six factors in reviewing the proposed Class Action Settlement Agreement: (a) The strength of the plaintiff's case on the merits measured against the terms of the settlement; (b) The complexity, length, and expense of continued litigation; (c) The amount of opposition to the settlement among class members; (d) The presence of collusion in gaining a settlement; (e) The stage of the proceedings; and (f) The amount of discovery completed.

7. Upon consideration of these six factors, the Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the proposed Release and payments by Defendants.

8. The Court approves that the payment of $10,600 to Class Counsel as reasonable attorneys' fees and costs incurred with respect to the Litigation and this Settlement.

9. Upon the Effective Date, as that term is defined in the Agreement, Class Counsel shall distribute the following payments:

(a) Relief to Plaintiff. Payment of $2,500.00 to Plaintiff as damages, for her individual (non-Class) claims, for her Class claims, and as an incentive award for bringing the claims on behalf of the Class, as approved by this Court.

(b) Class Recovery. Class Counsel shall distribute, *pro rata,* the class

settlement fund of $8,500.00 ("Class Fund"), among the 18 individuals participating in the class settlement agreement. Checks issued to Class Members will be void after 90 days. If any portion of the Class Fund remains undistributed or uncashed 30 days after the void date on the Claimants' checks, these remaining funds will be distributed to the Chicago Law and Educational Foundation as a cy pres recipient.

       (c)    Class Counsel Fees and Costs. The payment of $10,600 to Class Counsel as reasonable attorneys' fees and costs incurred with respect to the Litigation and this Settlement.

10. The Court finds the Agreement fair and made in good faith.

11. The terms of the Agreement are incorporated into this order.

12. Upon the Effective Date of the Agreement, the Parties grant those releases provided for in the Paragraph 12 of the Agreement.

13. Upon the entry of this Order by the Court, the claims of the Plaintiff and the Class Members are dismissed with prejudice.

Date: August 20, 2018

                                           Andrea R. Wood
                                           United States District Court